UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAYMOND WALKER,

            Plaintiff,

vs.                              Case No. 2:04-cv-143-FtM-29SPC

UNITED STATES SUGAR CORPORATION,

            Defendant.
_____/

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Strike Plaintiff's Affidavit Submitted in Response to Defendant's Motion for Summary Judgment (Doc. #61) filed on June 7, 2005. Plaintiff filed his Memorandum in Opposition (Doc. #62) on June 8, 2005.

Defendant seeks to strike a copy of plaintiff's counsel's letter to defendant requesting various accommodations, and paragraph 29 of plaintiff's affidavit in Opposition to Defendant's Motion for Summary Judgment which references this letter. Defendant argues that the letter should be stricken because (1) the letter is a settlement letter marked *by plaintiff* as confidential for settlement purposes and not to be used for any other purpose and (2) entering the letter as evidence would require plaintiff's counsel to interject herself as a witness in the case.

Plaintiff responds that a motion to strike an affidavit is procedurally improper because such a motion is only appropriate with regard to a pleading, not an affidavit. Additionally, plaintiff argues that even if plaintiff's counsel were required to testify, the remedy is not to "prevent plaintiff from introducing important and relevant information at trial" but is to disqualify plaintiff's attorney.

The procedural propriety of a motion to strike is a matter of some dispute. While Fed. R. Civ. P. 12(f) refers only to striking matters from a "pleading," case law has utilized a motion to strike with regards to portions of a summary judgment affidavit which contains inadmissible evidence. E.g., Story v. Sunshine Foliage World, Inc., 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000). Additionally, plaintiff has filed a motion to strike which was not directed towards a "pleading." E.g., Doc. #49, Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment. The Court concludes that use of a motion to strike is appropriate in this situation.

Federal Rule of Evidence 408 precludes evidence of settlement offers to prove liability for or invalidity of a claim. The January 3, 2003, letter from plaintiff's counsel to defendant stated in bold print: **"This correspondence is for confidential settlement purposes and may not be used for any other purpose."** (Doc. #30, Attachment). The Court concludes that Rule 408

precludes the consideration of this letter in response to the summary judgment motion.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Strike Plaintiff's Affidavit Submitted in Response to Defendant's Motion for Summary Judgment (Doc. #61) is **GRANTED** as it relates to the January 3, 2003, letter and paragraph 29 of the Affidavit.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of June, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record