```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

RAYMOND WALKER,

          Plaintiff,

vs.                                    Case No. 2:04-cv-143-FtM-29SPC

UNITED STATES SUGAR CORPORATION,

          Defendant.
_____/

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion for Summary Judgment (Doc. #46) filed on April 11, 2005. Plaintiff filed his Response (Doc. #56) on May 23, 2005, incorporating by reference his Memorandum of Law in Opposition (Doc. #30) to defendant's first Motion for Summary Judgment (Doc #26)[1]. Defendant attached to its filings numerous affidavits and deposition transcripts, and other material in support of its position. (Doc. #46, Exhibits 1-10). Plaintiff attached two affidavits given by him two months apart. (Doc. #56, Exhibits 1-2).

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact

---

[1] Defendant's first Motion for Summary Judgment was denied as moot. (Doc. #40).

and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), cert. denied, 484 U.S. 1066 (1988); Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial motion. Celotex Corp. v. Catrett, 477 U.S. at 322; Hilburn v. Murata Elecs. N.Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). In ruling on a motion for summary judgment, if there is a conflict in the evidence the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of

the non-moving party. <u>Shotz v. City of Plantation, Fl.</u>, 344 F.3d 1161, 1164 (11th Cir. 2003).

**II.**

Plaintiff filed a one-count Complaint (Doc. #2) claiming that defendant discriminated against him on the basis of his job-related neck injury and resulting disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., the Florida Civil Rights Act, and the Rehabilitation Act, by wrongfully terminating his employment and/or by failing to provide a reasonable accommodation. For Summary Judgment purposes, the Court adopts the "Admitted Facts Which Will Require No Proof at Trial" portion of the Joint Pretrial Statement[2] (Doc. #36), and views any disputed material fact in favor of plaintiff.

Plaintiff, Raymond Walker ("Walker"), began his employment with defendant, United States Sugar Corporation ("U.S. Sugar"), in February of 1982 as a Sugar Boiler and Mechanic/Welder. (Doc. #36, p. 4, ¶9A). He worked as a Sugar Boiler on "C side." A and B sides were automated, while C side was and is not.

"On May 4, 1993, Plaintiff was injured on the job when he stood up quickly in a small space and hit his head on a steel beam.

---

[2]Local Rule 3.06(e) states in pertinent part: "All pleadings filed by any party prior to filing of the pretrial statement shall be deemed to be merged therein . . . The pretrial statement and the pretrial order . . . will control the course of the trial and may not be amended except by order of the Court in the furtherance of justice."

For this injury, [p]laintiff received medical care and workers' compensation benefits from U.S. Sugar." (Doc. #36, p. 5, ¶9B). As a result of this injury, Walker had surgery on his cervical vertebrae in March, 2002. (Id at ¶3B,9C; Doc. #47, Exh. 4., p. 40). More specifically, Walker underwent a C5-C6 and C6-C7 anterior cervical discectomy and fusion with Atlantis plating. (Docs. #47, Exh. 4, p.40; #56, p. 7).

Walker returned to work under certain doctor-imposed restrictions. (Doc. #47, Exh. 4, p. 9). In particular, Dr. Grabel stated Walker should avoid lifting and working overhead, and lifting over thirty pounds. (Docs. #47, Exh. 9, p. 40; #56, Exh. 1, p.3). As of September 26, 2002, Dr. Grabel assessed that Walker had not reached maximum medical improvement ("MMI") due to a linear fracture extending from the anterior aspect to the posterior aspect of the body of C4, but that this fracture should heal (Doc. #47, Exhibit 9, p. 41). Dr. Grabel also wrote that he had read Walker's job description and found it unlikely that he would be able to return to work at the same job that he had prior to surgery. (Id). Dr. Grabel's evaluation said, "I agree with the current management. . . . He should remain on no-work status." (Id). Doctor Alvarez also expressed the opinion that Walker would not be able to perform the requirements of his position. (Doc. #47, Exhibit 4, p. 24).

In October, 2002, Walker had a meeting with a Human Resources Manager for U.S. Sugar (Fred Dyess, Jr. ("Dyess")), a Boiling House

Supervisor, and others in which he was told that he was being taken off the payroll because he was not medically capable of performing his job as Sugar Boiler. (Doc. #56, Exh. 1, p.4). Dyess showed Walker a list of open positions outside the Boiling House to which Walker could transfer. (Id). Walker inquired about a Field Foreman job and Dyess informed Walker that the job required a Spanish speaker. (Id). There were no other open positions in which Walker was interested or for which he was qualified. (Doc. #47, Exhibit 4, p.14).

After his employment at U.S. Sugar, plaintiff worked for an air conditioning company in Fort Myers, Florida; as a maintenance man at Hendry Regional Medical Center; and as a Sheet Metal Lead Man at Ivey Mechanical. (Doc. #36, p.5, ¶9E). Plaintiff left Advanced Air because of the distance he had to travel. (Doc. #47, Exhibit 5, pp. 21-22). Walker was terminated from his job at Hendry Regional Medical Center due to a demonstrated inability to get along with co-workers and supervision. (Doc. #47, Exhibit 3, p. 4). Plaintiff no longer works at Ivey because he lacked the skill to hang duct and the job changed from moving duct to hanging it. (Doc. #47, Exhibit 6, pp. 9-10).

**III.**

Defendant argues that summary judgment is due to be granted "because plaintiff was: (1) not a qualified individual as contemplated by the ADA; (2) does not suffer from a disability as

defined in the ADA; and (3) U.S. Sugar met and/or exceeded any and all obligations it may have toward Plaintiff under the ADA." (Doc. #46, p. 1). In particular U.S. Sugar argues that Walker (1) does not have a disability as defined by the ADA, (2) does not suffer a substantial limitation in caring for himself or in working, (3) was not able to work at the time of the employment action and was therefore not a qualified individual under the ADA, (4) was dismissed for legitimate nondiscriminatory reasons, (5) requested unreasonable accommodations, and (6) failed to mitigate.

The ADA[3] prohibits discrimination "against a qualified individual with a disability because of the disability of such individual . . .." 42 U.S.C. § 12112(a). The Eleventh Circuit has recognized that ADA claims are to be construed by the framework set out by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) and Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981). Lubetsky v. Applied Card Sys., Inc., 296 F.3d 1301, 1305 (11th Cir. 2002), cert. denied, 537 U.S. 1106 (2003). Under this framework, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. McDonnell Douglas, 411 U.S. at 802; Lubetsky, 296 F.3d at 1305. To establish a prima facie case of discrimination under the ADA, plaintiff must show that he: (1) is disabled, (2) was a qualified

---

[3]The parties agree that this action is governed by the ADA and that both the Rehabilitation Act and FCRA may be reviewed under case law interpreting the ADA. (Doc. #36, p. 5, ¶10B).

individual at the relevant time, and (3) was subjected to unlawful discrimination because of his disability. Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1255 (11th Cir. 2001); Cash v. Smith, 231 F.3d 1301, 1305 (11th Cir. 2000). By establishing a prima facie case, the plaintiff creates a rebuttable presumption that the challenged action was motivated by a discriminatory intent. Equal Employment Opportunity Comm'n v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1272 (11th Cir. 2002), cert. denied, 539 U.S. 941 (2003); see also Burdine, 450 U.S. at 254. The burden then shifts to the defendant to produce a "legitimate, nondiscriminatory reason" for the challenged employment action. McDonnell Douglas, 411 U.S. at 802; Lubetsky, 296 F.3d at 1305. If the defendant articulates one or more such reasons, the presumption of discrimination is rebutted and the burden shifts back to the plaintiff to prove that the reasons offered by the defendant are a pretext for unlawful discrimination. McDonnell Douglas, 411 U.S. at 805; Lubetsky, 296 F.3d at 1305; Chapman v. AI Transport, 229 F.3d 1012, 1024 (11th Cir. 2000). "Although the intermediate burdens of production shift back and forth, the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the employee remains at all times with the plaintiff." Joe's Stone Crabs, 296 F.3d at 1273.

The Court concludes that there are multiple issues of disputed material facts which preclude summary judgment. For instance, the

parties dispute: (1) the job description and essential job functions of a Sugar Boiler; (2) whether Walker requested or identified any accommodation(s) prior to termination; (3) whether Walker asserted that he could perform his job as required; (4) whether at the time of Walker's termination U.S. Sugar informed him he could reapply without loss of seniority if, within two years of termination, his medical restrictions were lifted; and (5) whether Walker was told he couldn't return to U.S. Sugar property without an attorney or police escort. Whether plaintiff failed to mitigate is not an issue which would justify summary judgment.

Accordingly, it is now

**ORDERED**:

Defendant's Motion for Summary Judgment (Doc. #46) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of June, 2005.

*John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record